**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YILDIZ HOLDING A.Ş. and ÜLKER BISKUVI SANAYI A.Ş., <br><br> Plaintiffs, <br><br> vs. <br><br> ZB IMPORTING, LLC and GLOBAL MARKET FOODS, LLC, <br><br> Defendants. | Case No. <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Yildiz Holding A.S. ("Yildiz") and Ülker Biskuvi Sanayi A.S. ("Ülker Biscuits"), by and through its counsel, makes the following allegations against Defendants ZB Importing, LLC ("ZB Importing, LLC") and Global Market Foods, LLC.

**NATURE OF THE ACTION**

1. This is a civil action under the Lanham Act and Illinois common law for trademark infringement, false advertising, unfair competition, and under the Illinois Deceptive Trade Practices Act.

**PARTIES**

2. Plaintiff Yildiz is a joint stock company organized and existing pursuant to the laws of the Türkiye, with a principal place of business at Kısıklı Mahallesi, Ferah Caddesi No:6-1, 34692 Büyük Çamlıca/İstanbul, Türkiye.

3. Plaintiff Ülker Biscuits is a joint stock company organized and existing under the laws of Türkiye having a principal place of business at Kısıklı Mahallesi Ferah Caddesi No: 1, 34692 Büyük Çamlıca/İstanbul, Türkiye.

1

4.  Defendant ZB Importing, LLC is a limited liability company organized under the laws of the State of Illinois with a principal place of business at 333 N. Green Street, Suite 814, Chicago, IL 60607 and a registered principal address at 5400 W. 35th Street, Cicero, IL 60804.

5.  Defendant Global Market Foods, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 333 N. Green Street, Suite 814, Chicago, IL 60607.

## JURISDICTION AND VENUE

6.  Subject matter jurisdiction in this case is proper under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 in that this is a civil action arising under an Act of Congress relating to trademarks and unfair competition.

7.  Subject matter jurisdiction in this case is also proper under 28 U.S.C. § 1332 in that there is diversity jurisdiction as the plaintiffs are citizens and subjects of a foreign state and defendants are citizens of a State and the amount in controversy is greater than $75,000.

8.  Supplemental subject matter jurisdiction over the state law claims is proper under 28 U.S.C. § 1367 in that the federal claims and the state law claims are so related that they form part of the same case or controversy and arise out of the same common nucleus of operative fact.

9.  Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants are residents of this District and engaged in tortious and unlawful conduct in this District by advertising, offering to sell, and/or selling unauthorized and infringing products in this District. In addition, a substantial part of the events or omissions giving rise to the claim occurred in this District. Upon information and belief, the infringing products at issue in this action were distributed to and recalled from stores located in this District.

## PLAINTIFFS' TRADEMARK RIGHTS AND GOOD REPUTATION

10.  Yildiz is a joint stock company in Türkiye with operations all over the world.

11. Ülker Biscuits is a joint stock company and is one of the companies in the Yildiz family of companies.

12. Yildiz is the owner of the ÜLKER brand worldwide and owns thousands of registered trademarks used on ÜLKER brand products worldwide.

13. Since at least as early as 1987, Plaintiffs have invested extensive time, money and effort in the U.S. to build up goodwill and business in the ÜLKER brand and mark.

14. The ÜLKER mark is distinctive and now well known as designating high-quality snack rolls, biscuits and wafers emanating from Plaintiffs.

15. Plaintiffs are well-known to consumers and others as a manufacturer and distributor of safe and properly labelled products.

16. ÜLKER Biscuits is the only authorized manufacturer of ÜLKER branded products, which are made outside the United States.

17. In addition to its extensive common law rights in the ÜLKER trademark, Yildiz owns at least 17 Federal trademark registrations in the United States that include ÜLKER for goods in Class 30, including:

| Mark text | Logo | Goods and services | Reg. No |
|---|---|---|---|
| ULKER | ÜLKER | [30]: biscuits, crackers, wafers, cookies, cakes, chocolates, candies, lollipops and chewing gum | 2304879 |
| ÜLKER PEKI | ÜLKER peki | [30]: cakes | 3917778 |

3

| ÜLKER GOLDEN | | [30]: baking-powder; biscuits; bread; cakes; candies; chocolate and chocolates; chocolate bars; chocolate candies; cocoa; coffee and artificial coffee; confectionery chips for baking; confectionery, namely, pastilles; cookies; corn flakes; corn flour; crackers; edible ices; flour; honey; ice cream; mustard; pastry; preparations made from cereals, namely, processed cereals; sago palm starch; sauces; spices; sugar; table salt; tapioca; tea; treacle; vinegar; wafers; yeast | 3884129 |
|---|---|---|---|
| ÜLKER ÇOKOPRENS | | [30]: confectionery, namely, confectionery made of sugar, pastilles, chocolate | 5246855 |
| ÜLKER ÇOKOPRENS | | [30]: confectionery, namely, confectionery made of sugar, pastilles, chocolate | 5246856 |
| ÜLKER ÇIZI | | [30]: Cheese-flavored biscuits, salted biscuits [ , sweet biscuits ] | 5383049 |
| ÜLKER PEKI | | [30]: [ Confectionery, namely, confectionery made of sugar and pastilles, chocolate, biscuits, crackers, wafers, ] cakes | 5220438 |
| ÜLKER CLIP | | [30]: [ confectionery, namely, confectionery made of sugar and pastilles, chocolate, biscuits, ] crackers [, wafers ] | 5070539 |
| ÜLKER ONEO | | [30]: [ Coffee, cocoa; coffee or cocoa based beverages, chocolate based beverages; pasta, stuffed dumplings, noodles; pastries and bakery products based on flour, desserts based on flour and chocolate, namely, bakery desserts; honey, bee glue for human consumption, propolis for food purposes; spices and condiments for foodstuff, namely, spices; yeast, baking powder; flour, semolina, namely, processed semolina, starch for food, namely, corn starch for food; sugar, cube sugar, powdered sugar; tea, iced tea; confectionery, namely, confectionery made of sugar, chocolate, biscuits, crackers, wafers; ]chewing gums [ ; ice-cream, edible ices; salt; cereals and cereal-based foodstuff, namely, ready to eat cereals and cereal based snack foods; | 4797357 |

4

| | | | |
|---|---|---|---|
| | | molasses for food ] | |
| ÜLKER IKRAM | ÜLKER İKRAM | [30]: confectionery made of sugar, chocolate, biscuits, crackers, wafers | 5238658 |
| ÜLKER METRO | ÜLKER METRO | [30]: confectionery, namely, [ candies; ] chocolate [, biscuits, crackers, wafers ] | 5102575 |
| ÜLKER ALBENI | | [30]: [Pastries and bakery products based on flour;] desserts based on flour and chocolate; [bread, simit Turkish ring-shaped bagel covered with sesame seeds, pogaça Turkish bagel, pita, sandwiches, katmer Turkish pastry, pies, cakes, baklava Turkish dessert based on dough coated with syrup, kadayif Turkish dessert based on dough; desserts based on dough coated with syrup; puddings, custard, kazandibi Turkish pudding, rice pudding, keskül Turkish pudding; confectionery, namely, chips for baking, caramels, fondants, pastilles;] chocolate, biscuits, crackers, wafers [; ice-cream, edible ices] | 4975383 |

5

| ÜLKER MARIFET | ÜLKER Marifet | [29]: meat, fish, poultry and game, not live; processed meat; dried pulses; soups, bouillon; processed olives, olive pastes; milk of animal origin; milks of herbal origin; milk products excluding ice cream, ice milk and frozen yogurt; butter; dried fruits and vegetables, preserved fruits and vegetables, frozen fruits and vegetables, cooked fruits and vegetables, smoked fruits and vegetables; salted fruits and vegetables; tomato paste; prepared nuts and dried fruits; hazelnut spreads and peanut butter; tahini ; eggs and powdered eggs; potato chips<br>[30]: coffee, cocoa; coffee based beverages; cocoa based beverage; chocolate-based beverages; pasta, stuffed dumplings, noodles; pastries; bakery products; desserts; bread, namely, simit, pogaça, pita; sandwiches; pastry, namely, katmer, pies, cakes, baklava, kadayif; puddings, namely, custard, kazandibi , rice pudding, keskül; honey, propolis [bee glue] for human consumption, propolis for food purposes; condiments, vanilla flavoring for culinary purposes, spices, sauces, tomato sauce; yeast, baking powder; flour, processed semolina, starch for food; sugar, cube sugar, powdered sugar; tea, iced tea; confections, namely chocolate confections and frozen confections, chocolate, biscuits, crackers, wafers; chewing gums; ice-cream, edible ices; salt; cereal-based snack food, popcorn, crushed oats, corn chips, breakfast cereals, processed wheat for human consumption, crushed barley for human consumption, processed oats for human consumption, processed grains, namely, rye for human consumption, rice; molasses for food | 6696085 |
|---|---|---|---|
| ÜLKER MARIFET | ÜLKER Marifet | [30]: pastries and bakery products based on flour; desserts based on flour and chocolate; bread, namely, simit, pogaça, pita; sandwiches; pastry, namely, katmer; pies, cakes | 6641625 |

6

| ÜLKER COCO STAR | | [30]: [ baking powder; biscuits; bread; cakes; ] candies; chocolate and chocolates [ ; cocoa; coffee and artificial coffee; confectionery made of sugar; cookies; flour; honey; ices and ice creams; ketchup; mayonnaise; mustard; pastry; preparations made from cereals, namely, processed cereals, snack food, crackers, corn flour, corn flakes, and wafers; rice; sago; salt; sauces; spices; sugar; tapioca; tea; treacle; vinegar; wafers; yeast ] | 4069408 |
|---|---|---|---|
| ÜLKER O'LA LA | | [30]: Confectionery, namely, sugar and pastilles; chocolate, biscuits, crackers, wafers, cakes | 5881756 |
| ÜLKER GOLDEN | | [30]: confectionery, namely, [ pastilles; ] chocolates [ ; biscuits, crackers, wafers ] | 5093483 |

18. True and correct copies of the registration certificates for the above, as well as TSDR records showing current status and title, are attached as Exhibit 1.

19. The above registrations for the ÜLKER marks are *prima facie* evidence of their validity and constitute constructive notice of Yildiz's ownership of the ÜLKER marks in accordance with Sections 7(b) and 22 of the Lanham Act (15 U.S.C. §§ 1057(b) and 1072).

**DEFENDANTS' INFRINGING USE OF PLAINTIFFS' INTELLECTUAL PROPERTY**

20. On or about February 15, 2025, without notice to Plaintiffs, Defendants initiated a recall of certain ÜLKER brand products bearing stickers that contain incorrect ingredient lists and allergen information.

21. The stickers bearing incorrect information were sourced and applied by Defendants to ÜLKER products that Defendants imported without the approval of Plaintiffs and which were not intended for the US market.

22. On information and belief, the affected products, which all bear the ÜLKER mark on the packaging, are ÜLKER Kekstra Mini with Strawberry (Jölebol), ÜLKER Rulokat Hazelnut

7

Wafers, ÜLKER Biskrem with Cocoa Biscuit, ÜLKER Dankek Strawberry Roll Cake, ÜLKER Dankek Banana Roll Cake, and Dankek Chocolate Roll Cake.

23. Global Market Foods is described as the distributor of these ÜLKER brand products on one of the websites operated by Defendants at www.vintagefood.com.

24. On information and belief, to initiate the recall Defendants sent at least two emails to all of their customers who received at least one case of products bearing stickered ingredient lists and allergen information.

25. One of the emails was headed in bold type "URGENT PRODUCT RECALL: ULKER BRAND," which was then followed by a large version of the ÜLKER brand logo, identical to the mark shown in U.S. Reg. No. 2304879. A copy of the first part of this email obtained by Plaintiffs is attached as Exhibit 2. Yildiz did not authorize Defendants' to use its name or trademark in connection with this recall notice. The use of the registered trademark logo form and in prominent position falsely suggests that the recall was the fault of Ulker Biscuits rather than Defendants, and/or that Yildiz authorized and approved of the content of the recall notice. In addition, the use of "ULKER BRAND" in the heading of the email falsely suggests that the recall was the fault of Ulker Biscuits rather than Defendants.

26. Below the logo, the email stated: "This is to inform you ZB Importing LLC is voluntarily recalling certain lots of six Ulker Brand Products (see table below) due to undeclared wheat, egg and milk in the Ingredient List and/or Contains Statement on the product labels. People who have an allergy or severe sensitivity to wheat, egg, or milk run the risk of a serious or life-threatening allergic reaction if they consume these products." This statement falsely suggests that the Ulker products in the packaging provided with the products by Ulker Biscuits did not properly disclose wheat, egg or milk as allergens where necessary.

27. This same statement was made in another email sent to Defendants' customers on February 15, 2025. See Exhibit 3.

28. Both emails included the statement "Your notification to your customers may be enhanced by including a copy of this recall notification letter." The statement encouraged Defendants' customers to republish the false statements made by Defendants in the emails.

29. The recall notice emails also included a Product List, a copy of which is attached as Exhibit 4. This notice is entitled, "ZB Importing Issue Voluntary Recall and Allergy Alert on Undeclared Egg, Wheat and Milk in Certain Ulker Brand Products." This title falsely suggests that the product packaging provided with the product by ÜLKER Biscuits erroneously did not list egg, wheat and milk as allergens. The Product List then shows each of the six products at issue, with pictures of some of them showing the stickers bearing incorrect information that were sourced and applied by the Defendants.

30. On or about February 20, 2025, the United States Food and Drug Administration ("FDA") published Defendants' recall announcement on its website at https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/zb-importing-issue-voluntary-recall-and-allergy-alert-undeclared-egg-wheat-and-milk-certain-ulker. The FDA recall announcement is attached as Exhibit 5. A copy of the Product List distributed by Defendants to its customers was published with the FDA recall notice through a link at the bottom of the announcement.

31. Defendants' statement to the FDA, and republished by the FDA, reads in part, "The issue originated from a supplier who inadvertently failed to fully disclose all allergens while translating the ingredient list."

32. Defendants' statement to the FDA falsely blames a "supplier" for Defendants' failure to ensure that all products it distributes are properly labelled for ingredients and allergens.

33. Defendants' statement falsely suggests that the "supplier" who "inadvertently" failed to fully disclose all allergens is ÜLKER Biscuits, the maker and packager of the products at issue.

34. Defendants knew that the statement it provided to the FDA would be republished on FDA's website.

35. The recalled products were not purchased from Plaintiffs.

36. Plaintiffs have not authorized Defendants to sell ÜLKER brand products in the United States.

37. Plaintiffs do not approve or authorize the use of stickers on any ÜLKER products.

38. All ÜLKER products authorized for sale in the U.S. are in English-language packaging that is prepared directly for the U.S. market so that it complies with U.S. labelling requirements, including ingredient lists and allergen information.

39. By stickering products in packaging not intended for the U.S. market, Defendants are selling a product that is materially different from authorized, properly labelled ÜLKER products intended for the U.S. market.

40. By stickering products in packaging not intended for the U.S. market, Defendants are also circumventing Plaintiff's quality control standards for products to be distributed in the U.S. market under the ÜLKER brand.

41. The emails and statements made by Defendants falsely suggest that Plaintiffs are responsible for the incorrect ingredient lists and to blame for the recall.

42. At least one recall notice email sent by Defendants makes unauthorized and unnecessary use of the registered ÜLKER trademark.

43.     Defendants' actions and statements in connection with the recall have irreparably damaged and harmed Plaintiffs and the ÜLKER brand.

44.     The damage and harm resulting from Defendants' actions and statements is continuing and increasing.

45.     The U.S. Food and Drug Administration's public announcement has been picked up by many news sources.  Attached as Exhibit 6 is a list of news articles identified by Plaintiffs at this time.

46.     Because of Defendants' actions and statements, consumers with allergy issues seeing ÜLKER brand products and aware of the recall will be led to believe that all ÜLKER brand products may be mislabeled and so steer clear of those products.

47.     Because of Defendants' actions and statements, consumers will believe that Plaintiffs are responsible for packaging and distributing mislabeled and unsafe food and that Plaintiffs do not place the highest priority on consumer safely and compliance with labelling and other legal requirements.

48.     The goods sold by Defendants are not genuine products because they are materially different from Yildiz's genuine products at least because genuine Yildiz's ÜLKER products intended for sale in the U.S. are not stickered with incorrect information.

## FIRST CAUSE OF ACTION
### (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114).

49.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

50.     Defendants are using Plaintiffs' ÜLKER brand in connection with the sale, offering for sale, distribution, and/or advertising of mislabeled and unauthorized ÜLKER products not intended for the U.S. market in such a manner as to cause actual confusion, as is likely to cause

11

confusion, or to cause mistake, or to deceive consumers or potential consumers in violation of 15 U.S.C. § 1114.

51. Defendants had actual notice and knowledge, or constructive notice, of Plaintiffs' use, ownership and registration of its ÜLKER marks before Defendants began selling mislabled and unauthorized ÜLKER products not intended for the U.S. market.

52. Defendants' use of the ÜLKER mark to sell mislabled and unauthorized ÜLKER products not intended for the U.S. market is without the consent of Plaintiffs.

53. Defendants's unauthorized use of the ÜLKER mark falsely indicates to consumers and distributors that Defendants' ÜLKER branded products are in some manner connected with, sponsored by, affiliated with, or related to Plaintiffs.

54. Defendants' unauthorized use of the ÜLKER mark is likely to cause, and has in fact caused, consumers to be confused as to the source, nature, and quality of the services Plaintiffs offers.

55. Plaintiffs has been, is now, and will be irreparably injured and damaged by Defendants' trademark infringement. Plaintiffs will lose sales, which have been and will be diverted to Defendants as a result of consumer confusion. Plaintiffs will lose sales as a result of Defendants' dilution and tarnishment of the ÜLKER brand.

56. Plaintiffs' trademarks serve a unique function in representing intangible assets of Plaintiffs such as its reputation and good will. Unless enjoined by the Court, Plaintiffs will suffer further harm to its reputation, and goodwill each and every day that Defendants continue to use the ÜLKER mark to sell mislabled and unauthorized ÜLKER products not intended for the U.S. market. The past, present, and future harm to Plaintiffs' reputation and good will is

difficult to value and therefore constitutes an injury for which Plaintiffs has no adequate remedy at law.

57. By reason of the foregoing, Defendants have committed and are continuing to commit trademark infringement in violation of 15 U.S.C. §1114. As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all sales of ÜLKER products not intended for the U.S. market and bearing stickers containing ingredient lists and allergen information; (ii) any damages sustained by Plaintiffs as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiffs at trial; and (iii) the costs of the action herein.

58. Plaintiffs are also entitled to the recovery of their attorney's fees to 15 U.S.C. §1117.

59. Plaintiffs also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the ÜLKER mark on products not intended for the U.S. market and bearing stickers containing ingredient lists and allergen information.

<strong>SECOND CAUSE OF ACTION<br>(FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING<br>UNDER 15 U.S.C. § 1125(A))</strong>

60. Plaintiffs incorporates the preceding paragraphs 1-47 as if fully set forth herein.

61. Defendants's use of the ÜLKER mark on mislabled and unauthorized ÜLKER products not intended for the U.S. market is likely to cause confusion, to cause mistake, and/or to deceive as to Defendants' affiliation, connection, or association with Plaintiffs, and/or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiffs and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

62. Defendants' use of the ÜLKER mark on mislabled and unauthorized ÜLKER products not intended for the U.S. market is likely to cause confusion, to cause mistake, and/or to deceive

as to qualities and characteristics of Defendants' services and constitutes false advertising in violation of 15 U.S.C. § 1125(a).

63. Plaintiffs have been, are now, and will be irreparably injured and damaged by Defendants' trademark infringement and false advertising. Unless enjoined by the Court, Plaintiffs will suffer further harm to their reputation and goodwill each and every day that Defendants continue to sell goods that are mislabled and unauthorized ÜLKER products not intended for the U.S. market. The past, present, and future harm to Plaintiffs' reputation and good will is difficult to value and therefore constitutes an injury for which Plaintiffs has no adequate remedy at law.

64. By reason of the foregoing, Defendants have committed and are continuing to commit false designation of origin and false advertising in violation of 15 U.S.C. §1125(a). As a direct and proximate result of Defendants' conduct, Plaintiffs are entitled, pursuant to 15 U.S.C. §1117(a), to recovery of: (i) Defendants' profits related to all sales of ÜLKER products not intended for the U.S. market and bearing stickers containing ingredient lists and allergen information; (ii) any damages sustained by Plaintiffs as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiffs at trial; and (iii) the costs of the action herein.

65. Plaintiffs are also entitled to the recovery of their attorney's fees pursuant to 15 U.S.C. §1117.

66. Plaintiffs also seeks a preliminary and permanent injunction to prohibit Defendants from any further use of the ÜLKER mark on products not intended for the U.S. market and bearing stickers containing ingredient lists and allergen information.

### THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW)

67. Plaintiffs incorporates the preceding paragraphs 1-47 as if fully set forth herein.

68. The acts complained of herein constitute unfair competition in violation of the common law of the State of Illinois.

69. Defendants engaged in bad faith or deceptive conduct in misappropriating the ÜLKER mark and goodwill by selling mislabeled and unauthorized ÜLKER products not intended for the U.S. market.

70. Defendants misappropriated Plaintiff's intellectual property and Plaintiff's commercial advantages, including the use of the Plaintiff's ÜLKER trademark, trade name, and goodwill without authorization.

71. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered irreparable harm to the valuable ÜLKER marks and their reputation in the industry. Unless Defendants' conduct is restrained, Plaintiffs will continue to be irreparably harmed.

72. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

73. As a result of Defendants acts of unfair competition, Plaintiffs have incurred damages in a sum to be determined at trial.

### FOURTH CAUSE OF ACTION
### (ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510))

74. Plaintiffs incorporates the preceding paragraphs 1-47 as if fully set forth herein.

75. Defendants have violated 815 ILCS 510 by using the ÜLKER marks in commerce in connection with the sale, offering for sale, distribution, and advertising of goods, in a manner likely to cause confusion, mistake, or deception, without consent of the owner.

76. Defendants have also violated 815 ILCS 510 by using the ÜLKER marks in commerce in a manner likely to cause confusion, mistake, and deception as to the connection between Defendants and Plaintiffs and as to the origin, sponsorship, or approval of Defendants' products for sale in the United States by Plaintiffs.

77. Defendants have also violated 815 ILCS 510 by selling ÜLKER-branded products bearing stickers that contain incorrect ingredient lists and allergen information and by disseminating recall information that falsely suggests that the recall was the fault of Ulker rather than Defendants, and/or that Yildiz authorized and approved of the content of the recall notice.

78. Defendants' acts constitute a violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510, as they: (a) cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval of goods, or affiliation, connection, or association with Defendants; (b) represent that the goods have sponsorship, approval, status, affiliation, or connection that they do not have; (c) represent that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand; (d) represents that goods are of a particular standard, quality, or grade or that goods are a particular style or model, while they are of another; and (e) disparages the goods, services, or business of Yildiz by false or misleading representation of fact.

79. This conduct, together with the Defendants' other acts alleged herein, constitute unfair, unlawful, and fraudulent business acts and practices under Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510, because such acts are forbidden by various state and federal laws and are unscrupulous, unfair, and injurious to Plaintiffs. Defendants' acts have irreparably damaged Plaintiffs and will continue to do so unless restrained by this Court, and Plaintiffs are without an adequate remedy at law.

80. In further violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510 Defendants engaged in unfair competition by engaging in false, misleading or deceptive acts or practices in connection with their sale, offer for sale, distribution or advertising of unauthorized ÜLKER products.

81. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered irreparable harm to the valuable ÜLKER marks and their reputation in the industry. Unless Defendants' conduct is restrained, Plaintiffs will continue to be irreparably harmed.

82. Plaintiffs have no adequate remedy at law that will compensate for the continued and irreparable harm they will suffer if Defendants' acts are allowed to continue.

### FIFTH CAUSE OF ACTION
### (COMMON LAW TRADEMARK INFRINGEMENT)

83. Plaintiffs incorporates the preceding paragraphs 1-50 as if fully set forth herein.

84. The acts complained of herein constitute trademark infringement in violation of the common law of the State of Illinois.

85. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages to the ÜLKER marks and other damages in an amount to be proved at trial.

86. Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling any ÜLKER branded products, an award of Defendants' profits, Plaintiff's reasonable attorneys' fees and any other remedies provided for under the law.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs prays for judgment against the Defendants and respectfully requests that the Court:

a)     order that Defendants have engaged in Federal Trademark Infringement in violation of the Lanham Act (15 U.S.C. § 1114);

b)     order that Defendants have engaged in False Designation of Origin in violation of 15 U.S.C. § 1125(a)(1)(A);

c)     order that Defendants have engaged in unfair competition in violation of the common law of the State of Illinois;

d)     order that Defendants have engaged in trademark infringement in violation of the common law of the State of Illinois;

e)     order that Defendants have engaged in deceptive practices in violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510.

f)     order injunctive relief restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants (or their agents) from:

    i. Selling, offering to sell, transporting, distributing, marketing, advertising, importing, or purchasing stickered, altered, or otherwise non-genuine ÜLKER branded products that are not authorized by Plaintiffs for sale in the United States market;

    ii. Representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by Defendants are offered or authorized by Plaintiffs, or from otherwise taking any action likely to cause confusion, mistake, or deception on the part of consumers as to the source or origin of such products or as to any authorization, sponsorship, approval, or affiliation relationship between Defendants and Plaintiffs;

      iii. Unfairly competing with Plaintiffs in any manner whatsoever or otherwise injuring their business reputation in the manner complained of herein;

      iv. From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (f)(i) through (f)(iii) above; and

      v. Engaging in assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in sub-paragraphs (f)(i) through (f)(iv) above.

g)    order that Defendants produce to Plaintiffs a summary document showing the dates, quantities, names and addresses of all suppliers and customers from whom they have purchased or to whom they have sold any products bearing the ÜLKER mark.

h)    order that Defendants pay damages for the harm caused to Plaintiffs and in an amount to be determined at trial;

i)    award Plaintiffs damages, attorneys' fees, and costs to the fullest extent provided for by the United States statute and the common law of Illinois, including exemplary and punitive damages;

j)    award pre-judgment and post-judgment interest;

k)    impose joint and several liability among all Defendants for all sums awarded; and

l)    grant such other and further relief as the Court deems appropriate and just.

## **DEMAND FOR A JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: March 13, 2025

By: /s/ Robert D. Leighton

John J. Driscoll (*pro hac vice to be filed*)
John M. Griem, Jr. (*pro hac vice to be filed*)
Jodutt M. Basrawi (*pro hac vice to be filed*)

CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, NY 10005
Telephone: (212) 732-3200
Email: driscoll@clm.com
griem@clm.com
basrawi@clm.com

Robert D. Leighton
Paul J. Sauerteig
GOLDBERG KOHN, LTD.
55 E. Monroe St., Suite 3300
Chicago, IL 60603
rdl@goldbergkohn.com
pjs@goldbergkohn.com

*Attorneys for Plaintiffs*